In The
United States Court of Appeals
For the Eighth Circuit

_____

No. 22-2870
_____

United States of America,

Appellee,

vs.

Edell Jackson,

Appellant.

_____

Appeal from the United States District Court
For the District of Minnesota
The Honorable Donovan W. Frank, Senior District Court Judge, Presiding
_____

**ADDENDUM OF THE APPELLANT**
_____

Daniel L. Gerdts
331 Second Avenue South, Suite 705
Minneapolis, MN 55401
(612) 800-5086
daniel@danielgerdtslaw.com

Attorney for Appellant
Edell Jackson

# ADDENDUM OF THE APPELLANT

Judgment in a Criminal Case………………………………………………………1

District Court E-mail to the Parties (9 March 2022)………………………………8

Jury Question Number 1………………………………………………………..… 9

Answer to Jury Question Number 1………………………………………… 10

Jury Question Number 2………………………………………………………… 11

Answer to Jury Question Number 2………………………………………… 12

Order Denying Motion to Dismiss…………………….…………………… 13

AO 245B (Rev. 11/16)   Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
### District of Minnesota

| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | § | |
| v. | § | |
| | § | Case Number: **0:21-CR-00051-DWF-TNL(1)** |
| **EDELL JACKSON** | § | USM Number: **31717-509** |
| | § | **Daniel L Gerdts** |
| | § | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s) which was accepted by the court

☒ was found guilty on count(s) after a plea of not guilty 1.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:922(g)(1) and 924(e) ARMED CAREER CRIMINAL IN POSSESSION OF A FIREARM | 01/14/2021 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) ☐ is ☐ are dismissed on the motion of the United States

☒ The Special Assessment in the amount of **$100.00** shall be paid in full immediately.  If the defendant has not paid the Special Assessment fee, the monies shall be deducted from any wages earned while incarcerated.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**August 26, 2022**
Date of Imposition of Judgment


s/Donovan W. Frank
Signature of Judge

**DONOVAN W. FRANK**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**September 1, 2022**
Date

**ADDENDUM Page 1**

AO 245B (Rev. 11/16)  Sheet 2 - Imprisonment

| DEFENDANT: | EDELL JACKSON |
|---|---|
| CASE NUMBER: | 0:21-CR-00051-DWF-TNL(1) |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
108 month(s) as to count 1.

☒   The court makes the following recommendations to the Bureau of Prisons:
   That the defendant be designated to a Minnesota facility to be close to his family, including an infant child and minor children.  Given prior medical diagnoses, that the defendant be screened for medical and mental health issues along with alcohol and drug issues and that he further receive treatment based on those evaluations.  Also, that the defendant be allowed to participate in the 500-hour Residential Drug Abuse Program offered by the Bureau of Prisons.

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at                  on

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before            on
    ☐   as notified by the United States Marshal.
    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

           Defendant delivered on                       to

at                       , with a certified copy of this judgment.

                                          UNITED STATES MARSHAL

                                          By
                                 DEPUTY UNITED STATES MARSHAL

**ADDENDUM Page 2**

AO 245B (Rev. 11/16)  Sheet 3 – Supervised Release

| | |
|---|---|
| DEFENDANT: | EDELL JACKSON |
| CASE NUMBER: | 0:21-CR-00051-DWF-TNL(1) |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :  **three (3) years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

 The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. 11/16)  Sheet 3A – Supervised Release

DEFENDANT:         EDELL JACKSON
CASE NUMBER:       0:21-CR-00051-DWF-TNL(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____     Date _____

Probation Officer's Signature _____     Date _____

**ADDENDUM Page 4**

AO 245B (Rev. 11/16)  Sheet 3D – Supervised Release

| | |
|---|---|
| DEFENDANT: | EDELL JACKSON |
| CASE NUMBER: | 0:21-CR-00051-DWF-TNL(1) |

# SPECIAL CONDITIONS OF SUPERVISION

a. The defendant shall abstain from the use of alcohol and other intoxicants and not frequent establishments whose primary business is the sale of alcoholic beverages.

b. The defendant shall complete an immediate assessment or participate in a program for substance abuse as approved by the probation officer upon release or relapse during their term of supervised release. That program may include testing and inpatient or outpatient treatment, counseling, or a support group. Further, the defendant shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program, not to exceed the total cost of treatment.

c. The defendant shall cooperate with a mental health assessment and follow any recommendations of that assessment if the supervising officer considers it advisable.

d. The defendant shall be screened for and/or participate in Reentry Court programming and shall abide by all rules of the program. Screening and/or participation may include referrals for substance abuse assessment and/or treatment and testing, mental health assessment and/or treatment, cognitive behavioral programs, medication compliance, and any other programming deemed appropriate to enhance the successful reintegration of the defendant into the community. The defendant shall contribute to the cost of this program, as to substance abuse and/or mental health assessment/treatment, to the extent that the defendant is deemed capable by the United States Probation Officer.

e. The defendant shall submit his person, residence, office, vehicle, or an area under the defendant's control to a search conducted by a United States Probation Officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation. The defendant shall warn any other residents or third parties that the premises and areas under the defendant's control may be subject to searches pursuant to this condition.

f. As part of the defendant's substance abuse program, the defendant shall make a good faith effort to obtain and work with an AA or NA sponsor.

g. The defendant shall participate in not less than one (1) AA/NA/MA or 12-step program meeting per week.

h. The defendant shall take any prescribed medications as directed by a medical provider.

**ADDENDUM Page 5**

AO 245B (Rev. 11/16)  Sheet 5 – Criminal Monetary Penalties

| DEFENDANT: | EDELL JACKSON |
| CASE NUMBER: | 0:21-CR-00051-DWF-TNL(1) |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | n/a | n/a | n/a | n/a |

☐ The determination of restitution is deferred until _An Amended Judgment in a Criminal Case (AO245C)_ will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name and Address of Payee | ***Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| TOTALS: | $0.00 | $0.00 | 0.00% |
| **Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.** | | | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine      ☐ restitution

    ☐ the interest requirement for the    ☐ fine      ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

ADDENDUM Page 6

AO 245B (Rev. 11/16)  Sheet 6 – Schedule of Payments

DEFENDANT:          EDELL JACKSON
CASE NUMBER:        0:21-CR-00051-DWF-TNL(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payments of $ _____ due immediately, balance due

     ☐  not later than _____ , or

     ☐  in accordance    ☐  C,    ☐  D,    ☐  E, or    ☐  F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐  C,   ☐  D, or   ☐  F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:
    **It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1, which shall be due immediately.  If the defendant has not paid the Special Assessment fee, the monies shall be deducted from any wages earned while incarcerated.  If the special assessment has not been paid in full while incarcerrated upon his release from prison, payments of $25.00 per month shall commence 60 days from release until paid if full.  Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
    All property included in the Preliminary Order of Forfeiture dated March 30, 2022.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**ADDENDUM Page 7**


## 0:21-cr-00051-DWF-TNL USA v. Jackson
1 message

**MND Frank_Chambers** <Frank_Chambers@mnd.uscourts.gov>     Wed, Mar 9, 2022 at 5:00 PM
To: "angela.munoz@usdoj.gov" <angela.munoz@usdoj.gov>, "daniel_danielgerdtslaw.com" <daniel@danielgerdtslaw.com>,
"thomas.calhoun-lopez@usdoj.gov" <thomas.calhoun-lopez@usdoj.gov>
Cc: Lori Sampson <Lori_Sampson@mnd.uscourts.gov>, Lori Loken <lori_loken@mnd.uscourts.gov>

Dear Counsel:

Consistent with the Court's proposed jury instructions, the Court finds that the question of whether
the Defendant is a felon is a question of law, not fact, and that ignorance of the law is not a defense.
Consistent with *Rehaif*, the Court notes the distinction that Justice Breyer makes between ignorance
with respect to elements of the crime versus ignorance to the legal effect of a collateral matter.
 *Rehaif v. United States*, 139 S. Ct. 2191, 2198 (2019).

However, the Court will allow argument that based upon the Defendant's reliance on the probation
officer, the Defendant believed that he was no longer a convicted felon.

During the charge conference, the Court will discuss with the parties the proposed jury instructions
and the scope of closing arguments.

Thank you.

CR 21-51DWF/TNL

Page 15 Paragraph 1 Element #3 JQ#1

**REDACTED**

We are seeking clarification on the sentence

(In making that determination, you may consider whether the defendant reasonably believed that his civil rights had been restored, including his rights to possess a firearm.)

for clarity do we have to consider this

3/10/2022

SIGNATURE REDACTED

SCANNED

MAR 11 2022

U.S. DISTRICT COURT ST. PAUL

**ADDENDUM Page 9**

**Criminal No. 21-51 (DWF/TNL)**

March 10, 2022

MEMBERS OF THE JURY:

On March 10, 2022, at 4:07 p.m., you asked the following question:

QUESTION:

Page 15, paragraph 1   Element #3

We are seeking clarification on the sentence:   (In making that determination, you may consider whether the defendant reasonably believed that his civil rights had been restored, including his rights to possess a firearm."

For clarity, do we have to consider this.

ANSWER:

It is one issue that you may consider in evaluating whether the government has proven element #3 beyond a reasonable doubt.

DONOVAN W. FRANK
United States District Judge

SCANNED

MAR 11 2022

U.S. DISTRICT COURT ST. PAUL

**ADDENDUM Page 10**

CR21-51DWF/TNL
JQ#2

**REDACTED**

Page 12, "three" says "at the time the defendant knowingly possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year."

Page 15 states the same, followed by "you may consider whether the defendant reasonably believed that his civil rights had been restored, including his right to possess a firearm."

Page 16 clarifies that "the government is not required to prove that the defendant knew that his acts or omissions were unlawful. An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident."

<u>Question</u>: Does the defendant believing that his civil rights had been restored, AND knowing that he had been convicted of a crime punishable by imprisonment for more than one year translate to having proven page 12 item 3 or not?

3/11/2022

SIGNATURE REDACTED

SCANNED

MAR 11 ...

U.S. DISTRICT COURT ST. PA...

**ADDENDUM Page 11**

**Criminal No. 21-51 (DWF/TNL)**

March 11, 2022

MEMBERS OF THE JURY:

On March 11, 2022, at 9:01 a.m., you asked the following question:

QUESTION:

Page 12, "Three" says "at the time the defendant knowingly possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year."

Page 15 states the same, followed by "you may consider whether the defendant reasonably believed that his civil rights had been restored, including his right to possess a firearm.

Page 16 clarifies that "the government is not required to prove that the defendant knew that his acts or omissions were unlawful.   An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident."

QUESTION:   Does the defendant believing that his civil rights had been restored, AND knowing that he had been convicted of a crime punishable by imprisonment for more than one year translate to having proven page 12 item 3 or not?

ANSWER:

This is a question that you must decide based on the evidence before you and my instructions.

DONOVAN W. FRANK
United States District Judge

SCANNED

MAR 1 1 2022

U.S. DISTRICT COURT ST. PAUL

**ADDENDUM Page 12**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                          Criminal No. 21-51 (DWF/TNL)

Plaintiff,

v.                                                 **MEMORANDUM**
                                                   **OPINION AND ORDER**

Edell Jackson,

Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Edell Jackson's motion to dismiss his indictment.  (Doc. No. 100.)  He alleges that the charging statute, 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), is unconstitutional and thus his indictment should be dismissed.  For the reasons set forth below, the Court denies Jackson's motion.

## BACKGROUND

Between 1996 and 2010, Jackson was convicted of eleven felonies and six misdemeanors.  Ten of the felony convictions involved drugs and one involved the unlawful possession of a firearm.  He was most recently discharged from supervised release in 2020.

In 2021, Jackson illegally possessed a firearm and was charged with violating 18 U.S.C. § 922(g)(1).  Following trial, a jury found Jackson guilty of being a felon in possession of a firearm.  Jackson now moves to dismiss the indictment, arguing that the

felon-in-possession statute violates the Second Amendment of the United States Constitution.

## DISCUSSION

Jackson asserts that 18 U.S.C. § 922(g)(1), which prohibits convicted felons from possessing a firearm, is both facially unconstitutional and unconstitutional as applied to him. The Court addresses each argument in turn.

## I.    Facial Challenge

As the Supreme Court held in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010), the Second Amendment of the United States Constitution protects "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2122 (2022). "[C]onsistent with *Heller* and *McDonald*," the Supreme Court recently held that the Second Amendment also "protect[s] an individual's right to carry a handgun for self-defense outside the home." *Id.* To justify a gun regulation, the government "must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126.

The Court made clear in *Bruen* that its recent holding is "in keeping with *Heller*." *Id.* In *Heller*, the Court stated that "'longstanding prohibitions on the possession of firearms by felons' are 'presumptively lawful,' and cited 'historical justifications' on which it could 'expound' later." *United States v. Williams*, 24 F.4th 1209, 1211 (8th Cir. 2022) (quoting *Heller*, 554 U.S. at 626-27 & n.26, 635). The Court reiterated its position on felon-in-possession statutes in *McDonald*, stating, "We made it clear in *Heller* that our

ADDENDUM Page 14

holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill." *McDonald*, 561 U.S. at 786 (internal quotations and citation omitted).  Given this language, "Courts of Appeals have unanimously upheld the constitutionality of section 922(g)(1) against facial attacks." *Medina v. Sessions*, 279 F. Supp. 3d 281, 287 (D.D.C. 2017) (citation omitted).

In *Bruen*, the Court again stressed that *Heller* and *McDonald* remain good law. Justice Kavanaugh, joined by Chief Justice Roberts, stated that *Bruen* does not disturb what the Court has said in *Heller* about the restrictions imposed on possessing firearms, namely the "longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring).  Justice Alito stated in his concurrence, "Nor have we disturbed anything that we said in *Heller* or *McDonald*." *Id.* at 2157 (Alito, J., concurring).  Finally, Justice Breyer, joined by Justices Kagan and Sotomayor, emphasized that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting firearms possession by felons.  *Id.* at 2189 (Breyer, J., dissenting).

While Jackson would like this Court to scrutinize the history of felon-in-possession statutes, such examination is unnecessary at this time.  Following *Heller* and *McDonald*, the Eighth Circuit upheld the constitutionality of 18 U.S.C. § 992(g)(1) in *United States v. Seay*, 620 F.3d 919, 924 (8th Cir. 2010).  This remains good law. Jackson's facial challenge to section 922(g)(1) is therefore denied.

## II.     As-Applied Challenge

Jackson next argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied.  "An as-applied challenge asks the reviewing court to declare the disputed statute unconstitutional 'on the facts of the particular case.'"  *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019) (quoting *Sanjour v. EPA*, 56 F.3d 85, 92 n.10 (D.C. Cir. 1995)).  "The as-applied challenger does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right."  *Id.* (internal quotations and citation omitted).  Jackson argues that because his prior eleven felony convictions were nonviolent, his conviction under section 922(g)(1) is unconstitutional as applied to him.

The Eighth Circuit "has not resolved whether the felon-in-possession statute is susceptible to as-applied challenges."  *Williams*, 24 F.4th at 1211.[1]  And no as-applied challenge to section 922(g)(1) has been successful in this circuit.  Still, the Eighth Circuit has indicated that a defendant may make a successful as-applied challenge to section 922(g) by presenting "facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment

---

[1]     The Fourth, Fifth, Ninth, Tenth, and Eleventh Circuits "have held that section 922(g)(1) is constitutional as applied to all felons."  *Medina*, 279 F. Supp. 3d at 287 (citing cases).  The Third, Seventh, and D.C. Circuits have allowed as-applied challenges but never granted one by a felon.  *Id.*  And the First Circuit has expressed skepticism about an as-applied challenge.  *Id.*

4

protections."[2] *United States v. Brown*, 436 F. App'x 725, 726 (8th Cir. 2011) (internal quotations and citation omitted).

Jackson argues that historical tradition, as understood in 1791, does not support a blanket ban on the possession of firearms by all convicted felons. Rather, Jackson argues, only those deemed to be dangerous were historically prohibited from possessing guns. *See Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J., dissenting), *abrogated by New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Jackson contends that he is not dangerous because his prior eleven felony convictions were nonviolent, and thus the law as applied to Jackson in this case was unconstitutional.

The Court takes issue with Jackson's argument for two reasons. First, the Court fundamentally disagrees with the notion that a person who commits a nonviolent felony is *ipso facto* not dangerous. Second, and most importantly, the Eighth Circuit's prior review of historical scholarship from the Founding Era reveals that gun restrictions were not limited to those deemed to be dangerous but were instead "directed at citizens who [were] not law-abiding and responsible." *United States v. Bena*, 664 F.3d 1180, 1183

---

[2]     Jackson argues that because the Constitution "presumptively protects" conduct covered by the "plain text" of the Second Amendment, the burden is on the government to prove that his status is sufficient to justify a restriction of his Second Amendment right. (*See* Doc. No. 100 at 4 (emphasis omitted).) But Jackson's argument ignores *Heller*, which, as explained above, remains good law. *Heller* noted that felon-in-possession statutes are "presumptively lawful." *Heller*, 554 U.S. at 627 n.26 & 635. Thus, consistent with Eighth Circuit case law, the burden remains on Jackson to prove his as-applied challenge.

(8th Cir. 2011).  Nevertheless, Jackson has proven himself to be both dangerous and unable to abide by the law.

The Eighth Circuit has denied as-applied challenges to section 922(g)(1) when the defendant fails to demonstrate that he is "no more dangerous than a typical law-abiding citizen." *Brown*, 436 F. App'x at 726.  Here, Jackson has failed to demonstrate that he is no more dangerous than a typical law-abiding citizen.  Although his prior felonies were nonviolent, they involved dangerous conduct.  Ten of Jackson's prior felony convictions involved drugs, one involved the unlawful possession of a firearm, and four of his prior drug convictions involved drug trafficking.  Moreover, Jackson has fled from the police to avoid arrest on numerous occasions, including before his most recent arrest in 2021.  While in custody, Jackson has shown a pattern of behavioral problems, including disorderly conduct, disobeying orders, fighting, and tampering with security devices.  Jackson has also repeatedly violated his probation terms.  *See United States v. Hughley*, 691 F. App'x 278, 279 (8th Cir. 2017) (per curiam) (denying the defendant's as-applied challenge to section 992(g)(1) where he was "convicted of multiple [drug-related] felonies and has repeatedly violated his probation terms").  While in his brief, Jackson swiftly concludes that he is no more dangerous than the typical law-abiding citizen, the Court disagrees.  His prior eleven felony convictions—as well as his behavior in custody and during supervised release—warrant a restriction on his Second Amendment right.

Additionally, the Eighth Circuit has found that restricting felons from possessing guns has not solely been about dangerousness.  "Scholarship suggests historical support for a common-law tradition that permits restrictions directed at citizens who are not law-

6

abiding and responsible." *Bena*, 664 F.3d at 1183.  The concept of the right to bear arms was "tied to that of the virtuous citizen." *Id.* (internal quotations and citation omitted). Other circuits, and most scholars of the Second Amendment, have similarly concluded that "the right to bear arms was tied to the concept of a virtuous citizenry and that, accordingly, the government could disarm 'unvirtuous citizens.'" *United States v. Yancey*, 621 F.3d 681, 685 (7th Cir. 2010) (citing *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010)).  In sum, those who commit *serious* crimes—whether violent or nonviolent—forfeit their right to possess firearms.

In this case, Jackson has previously committed eleven serious crimes, ten of which involved drugs and one of which involved the unlawful possession of a firearm.  He has demonstrated that he is not able to abide by the law and thus he has failed to demonstrate that he may be trusted to possess a firearm.  For these reasons, the Court denies Jackson's as-applied challenge.

## CONCLUSION

For the reasons set forth above, the Court denies Jackson's motion to dismiss the indictment.

7

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant Edell Jackson's motion to dismiss (Doc.

No. [100]) is **DENIED**.

Dated: September 13, 2022                    s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge

**ADDENDUM Page 20**

**CERTIFICATE OF SERVICE**

**No. 22-2870**

Daniel L. Gerdts, a member in good standing of the bar of this Court, and hereinafter subscribed, states and affirms the following:

On the 7th day of December 2022, he served, or caused to be served, Appellant's Addendum on opposing counsel Thomas Calhoun-Lopez, AUSA, and Angela M. Munoz, AUSA, who are registered CM/ECF users and who will be served by the CM/ECF system by virtue of my having filed said document electronically.

Dated: 7 December 2022

s/ *Daniel L. Gerdts*
_____
Daniel L. Gerdts