

**U.S. Department of Justice**

United States Attorney
District of Minnesota

*600 United States Courthouse*  Telephone: (612) 664-5600
*300 South Fourth Street*  Fax: (612) 664-5787
*Minneapolis, MN  55415*
*www.usdoj.gov/usao/mn*

May 2, 2023

Mr. Michael E. Gans, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Court House, Room 24.329
111 S. 10th Street
St. Louis, MO 63102

>   *Rule 28(j) Letter*
>   ***United States v. Edell Jackson***
>   *Appeal Nos. 22-2870*

Dear Mr. Gans:

I am writing about a decision pertinent to the above-referenced matter issued after briefing was completed.

In *United States v. Sitladeen*, the defendant argued that 18 U.S.C. § 922(g)(5), which prohibits possession by a firearm by an alien unlawfully present in the United States, violates the Second Amendment. 64 F.4th 978, 983 (8th Cir. 2023). The defendant asserted that the Supreme Court's *Bruen* decision required this Court to reconsider its holding that unlawful aliens are not part of "the people" protected by the plain text of the Second Amendment. *Id.* at 983-87.

This Court disagreed. *Id.* In resolving Second Amendment challenges to firearms regulations, this Court begins with a textual analysis of the phrase "the people" to determine whether the regulated class of persons is protected by the Second Amendment. *Id.* at 985-87. This Court determined in *Sitladeen* that *Bruen* did not disturb that

textual analysis as the starting point for Second Amendment review. *Id.* Only if the regulated class of persons is part of "the people" does the inquiry then proceed to *Bruen*'s second step, namely whether the regulation "fits within America's historical tradition of firearm regulation." *Id.* at 985.

*Sitladeen* supports the government's opposition to Jackson's "as applied" challenge to § 922(g)(1). In arguing that § 922(g)(1) is constitutional in all of its applications, the government began with the plain text of the Second Amendment. Gov't Br. 46-50. Specifically, the government, consistent with the precedent of the Supreme Court and this Court, argued that "the people" protected by the plain text of the Second Amendment are law-abiding, responsible citizens. *Id.* That reading of the plain text is consistent with *Sitladeen*, which identifies law-abiding, responsible citizens as the class of persons to which the phrase "the people" refers. *Sitladeen*, 64 F.4th at 984, 985-86.

If the inquiry proceeded beyond the plain text starting point to America's historical tradition of firearm regulation, a review of historical tradition confirms legislatures' authority to prohibit felons from possessing firearms. Gov't Br. 50-60. At the very least, § 922(g)(1) is constitutional as applied to Jackson. *Id.* at 62-66.

Thank you for your consideration.

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

*/s/ David M. Genrich*

By: DAVID M. GENRICH
Assistant U.S. Attorney

## Certificate of Compliance and Service

I hereby certify that the body of this letter is 349 words and thus complies with the word limitation set forth in Fed. R. App. P. 28(j).

I hereby certify on May 2, 2023, the government electronically filed this 28(j) letter with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case that are registered CM/ECF users will be served by the CM/ECF system.

<i>/s/ David M. Genrich</i><br>
By: DAVID M. GENRICH<br>
Assistant U.S. Attorney